UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WALTER JOSEPH MEGNA,

        Plaintiff,

        v.                                     Case No. 24-cv-0588-scd

JOHN MUSIAL et al,

        Defendant.

## DECISION AND ORDER

      Plaintiff Walter Joseph Megna is representing himself in this 42 U.S.C. §1983 case. On December 10, 2024, Megna filed a motion to compel. He asserts that Defendants objected to his discovery requests as overbroad, impermissibly vague, and unduly burdensome. He asks the Court to compel Defendants to respond to his discovery requests. Defendants responded to the motion to compel, highlighting that Megna did not attempt to resolve his concerns with opposing counsel before filing his motion and asserting that, in any event, Defendants substantially responded to his discovery requests and produced numerous documents. Defendants also filed a motion to strike three of Megna's filings because they do not comply with the rules of civil procedure. The Court will deny both motions.

      First, with regard to Megna's motion to compel, despite acknowledging the requirement that every motion to compel include a certification that the movant has made a good faith effort to informally resolve the issue without the Court's assistance, Megna includes no such certification in his motion. As Megna notes, under Civil L. R. 37, he was required to first contact opposing counsel and discuss his concerns before filing a motion to compel. According to Defendants,

Megna did not comply with this requirement, so his motion must be denied.  Most parties are able to resolve discovery disputes without the Court's involvement, which saves both the Court and the parties time and resources.  Megna explains that he is not knowledgeable in the law, so discussing his concerns with opposing counsel may be particularly helpful, as he and opposing counsel will likely be able to reach an understanding regarding the information Megna believes he needs to prove his claims.  The Court reminds the parties that they should work together in good faith to exchange information that is relevant to Megna's claims.  Counsel should avoid a hyper-technical reading of Megna's requests, understanding, as Megna points out, that he has little experience with the law.

Even if Megna had complied with the meet-and-confer requirement, the Court would have denied his motion.  Defendants are entitled to raise objections to improper requests.  Because Megna does not include his discovery requests or Defendants' responses along with his motion, the Court has no way of evaluating whether Defendants' objections are improper.  The Court will not speculate on this point.

The Court will therefore deny Megna's motion to compel.  He is encouraged to contact opposing counsel (by telephone or mail) and try to resolve his concerns by narrowing his requests or better explaining what information he believes he needs.  If he and opposing counsel are unable to resolve the dispute on their own, he may file another motion asking the Court to get involved.  If he does so, he must describe the discovery dispute in detail (*i.e.*, attach a copy of his requests and Defendants' responses/objections) and explain what efforts the parties made to resolve the dispute before involving the Court.  Again, the Court reminds Megna that Defendants are allowed to raise objections to his discovery requests, so he should focus on the answers and documents they provided notwithstanding their objections when he assesses Defendants' responses.

Finally, Defendants ask the Court to strike Megna's rebuttal to one of their discovery responses, his motion to compel, and a settlement demand. Giving Megna the benefit of the doubt, the Court concludes Megna filed the rebuttal and settlement demand because he is unfamiliar with how litigation should proceed, not for an improper purpose or to introduce delay, so the Court will deny Defendants' motion to strike these filings. Nor will the Court strike Megna's motion to compel simply because he failed to comply with the procedural rules. This failure may be grounds for the Court to deny the motion, but it is not grounds to strike it from the record.

Megna is reminded to communicate directly with Defendants' counsel (via telephone or letter) to discuss discovery concerns or make a settlement demand. Megna should ***not*** file communications on those topics with the Court. The docket is the official record of the filings in the case and should include only pleadings and specific requests to the Court for relief (*i.e.*, motions), the supporting declarations and briefs needed to show a right to the relief requested, and the Court's decisions and orders disposing of those requests. Cluttering the docket with other filings creates confusion and interferes with the ability of the Court and the parties "to secure the just, speedy, and inexpensive determination" of the action. Fed. R. Civ. P. 1.

**IT IS THEREFORE ORDERED** that Megna's motion to compel (Dkt. No. 30) and Defendants' motion to strike (Dkt. No. 33) are **DENIED**.

Dated at Milwaukee, Wisconsin on January 3, 2025.

STEPHEN C. DRIES
United States Magistrate Judge