UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WALTER JOSEPH MEGNA,

    Plaintiff,

v.                                                        Case No. 24-cv-0588-scd

JOHN MUSIAL et al.,

    Defendants.

## DECISION AND ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION

Plaintiff Walter Joseph Megna, who is incarcerated at the Chippewa Valley Correctional Treatment Facility, is representing himself in this 42 U.S.C. §1983 action. On July 23, 2024, he was allowed to proceed on Fourth Amendment claims. On May 12, 2025, the Court granted defendants' motion for summary judgment on an illegal search claim but denied summary judgment on an illegal traffic stop claim. Dkt. No. 58. The Court explained that "[g]iven the defendants' shifting explanations for the stop and Megna's own conflicting version of events, the defendants are not entitled to summary judgment that the stop was warranted as a traffic stop." *Id*. at 9. On June 5, 2025, defendants filed a motion for reconsideration. Defendants assert that the Court misapplied *Heck v. Humphrey* when it concluded that the doctrine did not bar Megna's claims and that it erred in failing to address their qualified immunity argument. The Court will deny defendants' motion.

Defendants rely on Fed. R. Civ. P. 59(e), which allows a party to request that a court alter or amend a judgment, but judgment has not yet been entered in this action, so that rule does not apply. Rule 60(b) allows a court to relieve a party from an order based on various reasons,

including any reason that "justifies relief." For the reasons explained below, defendants offer no such reason.

First, as explained in the summary judgment decision, Megna's claims are not barred by *Heck v. Humphrey*, which prohibits suits for money damages if the basis for the suit is inconsistent with or would undermine the plaintiff's conviction or sentence. 512 U.S. 477 (1994). Defendants argue—again—that Megna's allegation that the vehicle was improperly stopped is inconsistent with his underlying conviction for possession of heroin and bail jumping. Defendants repeat that "[w]ithout the stop, there would be no search. Without the search, there would be no arrest. Without the arrest, there would be no discovery of the heroin in Megna's anal cavity. Without the discovery of the heroin, there would be no possession or bail jumping charge. Without the possession and bail jumping charges, there would be no conviction." Dkt. No. 61 at 3. They conclude with the observation that "should Megna succeed on his claims in this case, all evidence in the criminal matter could be considered fruit of the poisonous tree." *Id.* at 3-4. But, as the Seventh Circuit has explained, the fruit of the poisonous tree doctrine is inapplicable to civil §1983 actions. *Townes v. City of New York*, 176 F.3d 138, 145 (7th Cir. 1999). This is why "a fourth-amendment claim can coexist with a valid conviction." *Evans v. Poskon*, 603 F.3d 362, 364 (7th Cir. 2010). In short, as already explained, Megna's assertion that defendants violated the Fourth Amendment when they improperly stopped the vehicle is not incompatible with his underlying conviction for possession of heroin. *Heck* therefore does not bar his illegal stop claim.

Defendants also argue that Megna waived his opportunity to oppose defendants' *Heck* argument because he did not address the argument in his response brief. But *Heck* is an affirmative defense, *see Courtney v. Butler*, 66 F.4th 1043, 1048-49 (7th Cir. 2023), which, notably, defendants did not plead in their answer as required by Fed. R. Civ. P. 8(c). Defendants bear the burden of proving *Heck* applies, and they have not met that burden.

2

Defendants also argue that the Court failed to decide whether they are entitled to qualified immunity.[1] To be clear, they are not. The doctrine of qualified immunity protects government officials from liability when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Alicea v. Thomas*, 815 F.3d 283, 291 (7th Cir. 2016). At the time of the incident, it was clearly established that to comply with the Fourth Amendment an officer who stops a vehicle must have a reasonable suspicion that a traffic violation has occurred. *United States v. Cole*, 21 F.4th 421, 427-28 (7th Cir. 2021). And contrary to defendants' suggestion, *see* Dkt. No. 61 at 13-14, any argument that an officer who does *not* have such a reasonable suspicion may stop a vehicle without running afoul of the Fourth Amendment is frivolous.

Defendants assert that the vehicle was stopped "for violating Wis. Stat. 347.13(3), driving with no registration plate light at night," but Megna disputes that the vehicle did not have a working light, noting that, after he exited the vehicle, he saw that the license plate light was working. Defendants now assert that "it is undisputed that the license plate was not legible consistent with Wisconsin law,[2]" arguing for the first time that defendants may have been "mistaken about the cause of the illegibility." Dkt. No. 61 at 16. But Megna never conceded that the license plate was not visible because it was dirty (or for any other reason). Indeed, he had no reason or opportunity to address such an argument because defendants (as opposed to other non-defendant officers) have

---

[1] Defendants also argue that Megna waived his opposition to their qualified immunity argument because he did not identify cases directly on point, but "this deficiency, of course, is not fatal by itself because we must determine qualified immunity in light of all relevant precedents—both those cited by the parties and those we discover ourselves." *Kernats v. O'Sullivan*, 35 F.3d 1171, 1177 (7th Cir. 1994).

[2] Defendants include a still shot from a body cam video in support of their assertion that the license plate was not visible. Dkt. No. 61 at 16. But the still shot is blurry and taken from a significant side angle. The mere fact that the license plate is not visible in the still shot does not "eviscerate" Megna's contention that the license plate was visible consistent with Wisconsin law. *See Kailin v. Village of Gurnee*, 77 F.4th 476, 481 (7th Cir. 2023) (holding that "[v]ideo evidence, however, can eviscerate a factual dispute only when the video is so definitive that there could be no reasonable disagreement about what the video depicts"). Indeed, the picture appears to confirm Megna's contention that the license plate lamp was working.

3

only ever argued that the plate was not visible because the license plate light was broken, an assertion that Megna disputes.

In short, there is a material dispute as to whether defendants had a reasonable suspicion that a traffic violation had occurred when they stopped the vehicle. A jury will need to decide whether it believes defendants' assertion that the license plate was not visible. It would be improper to grant defendants' request for qualified immunity before a jury has an opportunity to consider their credibility and decide that factual dispute. *See Alicea v. Thomas*, 815 F.3d 283, 292 (7th Cir. 2016); *see also Levan v. George*, 604 F.3d 366, 369-70 (7th Cir. 2010) (holding that even though the district court's decision denying summary judgment never used the term "qualified immunity," the court's decision that there was a genuine issue of material fact whether probable cause existed amounted to a rejection of the qualified immunity defense).

**IT IS THEREFORE ORDERED** that Defendants' motion for reconsideration (Dkt. No. 60) is **DENIED**. The clerk's office is directed to set this case for a telephonic status conference to discuss future scheduling. The parties are encouraged to explore settlement and may, if they so desire, file a joint request to refer this matter to a magistrate judge for mediation.

Dated in Milwaukee, Wisconsin this 7th day of July, 2025.

                                                  STEPHEN C. DRIES
                                                  United States Magistrate Judge